UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00223-FDW

| | |
|---|---|
| JAMES EDWARD MACALPINE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DENNIS L. HOWELL, et al., )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Petitioner James Edward MacAlpine's pro se Petition for Writ of Habeas Corpus Ad Subjiciendum. (Doc. No. 1.) From the Petition, it appears Petitioner is attempting to prevent a possible federal indictment; the relief he seeks is a "preliminary examination in a constitutional Court before [his] required appearance before a Grand Jury." (Pet. 54, Doc. No. 1.)

"The authority of federal courts to issue the writ of habeas corpus ad subjiciendum was included in the first grant of federal-court jurisdiction, made by the Judiciary Act of 1789, c. 20, s 14, 1 Stat. 81, with the limitation that the writ extend only to prisoners held in custody by the United States." Stone v. Powell, 428 U.S. 465, 474–75 (1976). Although the writ has been extended, see e.g., id. at 475, one requirement has remained the same. That is, a writ of habeas corpus ad subjiciendum is a form of relief available only to a person in custody. See Walker v. Wainwright, 390 U.S. 335, 336 (1968) ("[T]he great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention.").

Petitioner has not alleged that he is in custody under any criminal judgment or that he is a

1

pre-trial detainee. Indeed, the Court takes judicial notice that Petitioner filed the instant action in person. Moreover, while Petitioner is no stranger to the Court, the Petition raises challenges that may be relevant to a future judgment; it does not challenge a past judgment.[1] Consequently, the Court does not have subject matter jurisdiction over this action, and it must be dismissed.

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus Ad Subjiciendum (Doc. No. 1) is **DISMISSED** without prejudice.

Signed: August 13, 2018

Frank D. Whitney
Chief United States District Judge

---

[1] Petitioner's reliance on Peyton v. Rowe, 391 U.S. 54 (1968) is misplaced. In that case, the Court held that a prisoner may attack on habeas the second of two consecutive sentences while still serving the first. In order to attack a future sentence on habeas, a future sentence must have been imposed.